Justices CASTILLE and SAYLOR join this dissenting opinion.

CASTILLE, Justice, dissenting.

I dissent from the majority's opinion because I do not believe that a no-fault policy should be applied to broken engagements and the issue of which party retains the engagement ring. The Restatement of Restitution, § 58 comment c, discusses the return of engagement rings and states that:

Gifts made in the hope that a marriage or contract of marriage will result are not recoverable, in the absence of fraud. Gifts made in anticipation of marriage are not ordinarily expressed to be conditional and, although there is an engagement to marry, if the marriage fails to occur without the fault of the donee, normally the gift cannot be recovered. If, however, the donee obtained the gift fraudulently or if the gift was made for a purpose which could be obtained only by the marriage, a donor who is not himself at fault is entitled to restitution if the marriage does not take place, even if the gift was money. If there is an engage-ment to marry and the donee, having received the gift without fraud, later wrongfully breaks the promise of marriage, the donor is entitled to restitution if the gift is an engagement ring, a family heirloom or other similar thing intimately connected with the marriage, but not if the gift is one of money intended to be used by the donee before the marriage.

I believe that the Restatement approach is superior to the no-fault policy espoused by the majority because it allows equity its proper place in the outcome. Here, it is undisputed that appellee twice broke his engagement with appellant. Clearly, appellant was not at fault in the breaking off of the couple's engagement, and there is no allegation that she fraudulently induced appellee to propose marriage to her twice. Fairness dictates that appellant, who is the innocent party in this couple's ill-fated romantic connection, retain the engagement ring, which was given to her by appellee as an unconditional gift. I would therefore reverse the order of the Superior Court.

Justices CAPPY and SAYLOR join this dissenting opinion.

**COMMONWEALTH of Pennsylvania, Respondent,**

v.

**Calvin JOHNSON, Petitioner.**

Supreme Court of Pennsylvania.

Dec. 2, 1999.

Calvin Johnson for petitioner.

## *ORDER*

PER CURIAM.

**AND NOW,** this 2nd day of December, 1999, petitioner's "Permission is Requested to Amend and or Clarify Petition for Allowance of Appeal" and petition for allowance of appeal are denied.